IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERI MIRZA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:26-cv-02353-K (BT) |
| WELLMED MEDICAL MANAGEMENT INC.,<br>Defendant. | §<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Teri Mirza seeks to bring this lawsuit without paying the required filing fee. *See* IFP motion. (ECF Nos. 4, 6).

This Court may authorize a person to proceed *in forma pauperis* (IFP)—that is, without the prepayment of fees—when it determines the person cannot afford the fee. 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Courts consider plaintiff's assets, income together with her spouse's income, and expenses. *See, e.g.*, *Pryor v. J.B. Hunt Transp. Servs., Inc.*, 2023 WL 6057308, at *1 (N.D. Miss. June 22, 2023) ("Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income, including the income of plaintiff and her spouse,

expenses, and any other property or assets the individual possesses."), *rec. accepted* 2023 WL 6055496 (N.D. Miss. Sept. 15, 2023) (citation omitted).

Here, Plaintiff and her spouse made, on average, $20,833.33 per month last year. ECF No. 6 at 1-2. Plaintiff expects that she and her spouse will make $11,900 next month. *Id.* The couple has $403.41 in cash, a 2026 Nissan Armada Platinum Edition valued at $79,500, and a 2025 Toyota Tundra Platinum Edition, valued at $70,000. *Id.* at 2-3. The couple have three dependents and list $12,613.56 in collective monthly expenses. *Id.* at 3-5.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff undue financial hardship. First, even assuming Plaintiff and her spouse only make $11,900 a month going forward, this results in an annual income of $142,800, putting their household well above the federal poverty guideline. *See* OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2026*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited August 16, 2026) (showing that federal poverty guideline for a five-person household in Texas is $38,680).

Second, Plaintiff's monthly household income—even accounting for the drop she expects next month—exceeds non-discretionary monthly expenses. While Plaintiff lists $12,613.56 in collective monthly expenses, this includes discretionary expenses such as $250 for recreation, $1,030 in credit card payments, and $2,199.52 in installment payments for luxury automobiles. *See Lozoya v. Comm'r*

*of Soc. Sec. Admin.*, 2025 WL 826896, at *2, n.2 (W.D. Tex. Feb. 26, 2025) ("Separately, courts are required to consider whether the applicant's claimed expenses are 'discretionary or mandatory.' Discretionary expenses include laundry, dry cleaning, and credit card payments."), *rec. accepted* 2025 WL 826893 (W.D. Tex. Mar. 13, 2025) (citations omitted); *LeBlanc v. Rodger's L. Firm PLLC*, 2025 WL 2263723, at *1 (N.D. Tex. July 1, 2025) (Rutherford, J.), *rec. accepted* 2025 WL 2256718 (N.D. Tex. Aug. 6, 2025) (Lindsay, J.) (treating expenses for motor vehicle installment payments as discretionary). Discounting these discretionary expenses, Plaintiff's monthly household income outpaces expenses.

Thus, the District Judge should **DENY** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF Nos. 4, 6) and dismiss her case without prejudice unless she pays the $405.00 filing fee within fifteen days of an order accepting this recommendation or by some other deadline the District Judge finds appropriate.

**SO RECOMMENDED**.

Signed August 27, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).